Ervine **TURNER** and Treva Howell,
Appellants,

v.

James R. **McINTOSH** et al., Appellees.

Court of Appeals of Kentucky.

May 22, 1964.

Jesse S. Hogg, Winchester, J. Douglas Graham, Campton, for appellants.

Hunter M. Shumate, Shumate & Shumate, Irvine, Henry L. Spencer, William P. Bach, Jackson, E. E. Bach, Campton, O. J. Cockrell, Jackson, Louis E. Arnold, Cincinnati, Ohio, for appellees.

STEWART, Judge.

James R. McIntosh filed this action against Ervine Turner and Treva Howell to quiet title to a certain tract of land lying in Breathitt County. This appeal is from the judgment which adjudicated McIntosh to be the owner of the tract.

W. L. Clair, prior to his death in 1920 or 1921, owned in fee simple a farm, consisting of between 75 and 150 acres, situated on War Creek in Breathitt County. He died intestate, leaving a widow and 14 children. Their interests in this farm remain undivided at the present time; the widow died sometime after October, 1950.

The children of W. L. Clair were Lucinda Tomlin, Luther Clair, John Clair, Cora Combs, Ervine Clair, Nancy Turner, Rosa Turner, George Clair, Willie Clair, Dora McIntosh, America Patrick, Henry Clair, Angeline Spicer, and S. E. Clair.

Prior to 1949 various ones of these heirs had transferred their undivided interests to other heirs by means of almost never recorded, and often informal and vague, conveyances. McIntosh in his complaint alleged ownership of all the interests of the heirs of W. L. Clair in the farm, other than those of Henry Clair, America Patrick, and five sixths of the Willie Clair interest.

S. E. Clair, who had lived on the farm previously, moved off in 1947 after giving McIntosh a deed for the interests he owned in the land. McIntosh then moved his father on the farm, and he remained in peaceful, open possession of this land, with no one asserting ownership to any portion thereof, until about 1959. He has paid the taxes on the whole tract since 1947. Then oil was discovered on War Creek; producing wells were brought in on adjoining land; and traffic in real estate on War Creek became very active. Prior to these events the farm had little value.

On February 26, 1959, McIntosh executed an oil and gas lease to Joe A. Saunier & Associates, an appellee herein, covering the entire tract. This lease was afterwards assigned to War Creek Oil & Development Company, also an appellee herein, which drilled a producing well and proposes to further develop the oil production on the land.

By reason of a conveyance dated September 7, 1959, and recorded on September 10, 1959, Ervine Turner and Treva Howell, appellants herein, are claiming two undivided interests in the land; namely, that of S. E. Clair and that of Angeline Clair Spicer, which these two persons had inherited from their father, W. L. Clair. McIntosh also contends he owns these interests by virtue of a deed dated December 27, 1947, but not recorded until March 3, 1961.

The purchaser of the oil, Ashland Oil and Refining Company, refused to pay for the oil until an adjudication of the rights and claims of all the parties was made. Consequently, McIntosh, Joe A. Saunier & Associates and War Creek Oil & Development Company, brought this action to quiet title. They joined as defendants all heirs, both known and unknown, of W. L. Clair, as well as Ervine Turner, Treva Howell, and Russell Reynolds, an oil-rig operator who had drilled a well on the land, apparently on the authority of a lease he held from some of the heirs.

Appellants maintain the trial court, in ruling on the various claims, erred in the following instances:

1. In adjudging McIntosh instead of them to be the owner of the S. E. Clair and Angeline Clair Spicer interests;

2. In decreeing McIntosh to have title to more than one-seventh of the Willie Clair interest; and

3. In ordering that appellants should pay costs in respect to the determination of an issue to which they contend they were strangers.

The trial court found, and the evidence established, that S. E. Clair, by deed dated December 27, 1947, conveyed to McIntosh not only the interest which this grantor held by inheritence, but also the interest of Angeline Clair Spicer which he had previously acquired from George Clair. Angeline Clair Spicer executed and delivered a deed some time before 1938 to George McIntosh of her inherited interest. According to the undisputed testimony of George McIntosh this deed, which was never recorded, became lost or misplaced. Under date of February 9, 1938, George McIntosh conveyed the Angeline Clair Spicer interest to George Clair, who conveyed this same interest to S. E. Clair on May 18, 1938. In the deed from the latter to McIntosh three other interests besides his own and that of Angeline Clair Spicer were conveyed.

From the foregoing recitation of facts, it appears that McIntosh had good title to the S. E. Clair and Angeline Clair Spicer interests as against them. However, McIntosh, as mentioned heretofore, did not record his deed by which he obtained their interests

until March 3, 1961. He testified he tried to do this several times but the county court clerk refused to accept the deed for record because the sources of title of S. E. Clair as to the interests conveyed were not clearly set forth therein.

Relying upon the deed dated September 7, 1959, and recorded September 10, 1959, which conveyed the S. E. Clair and Angeline Clair Spicer interests to them, appellants contend they are bona fide purchasers of these two interests for value without notice of any outstanding equity, and on this appeal ask that the trial court's ruling to the contrary be reversed.

S. E. Clair testified he told appellant, Turner, he had entered into an agreement to sell the interests involved in this litigation to McIntosh, but that the latter did not pay the consideration he had asked for the property and, for this reason, he did not deliver a deed to him. (In the record of this case is a deed which indicates on its face that S. E. Clair conveyed all his interests to McIntosh by deed dated December 27, 1947.)

Appellant, Turner, testified he made no inquiries about the possession of the farm by McIntosh or his claim to it. He did state, however, he searched the records in the Breathitt County court clerk's office and, although he found no deed vesting title to the two interests in McIntosh, he saw where McIntosh, on February 26, 1959, had executed an oil and gas lease, embracing the whole farm, to appellee, Joe A. Saunier & Associates. In short, the position taken by appellants appears to be that, since S. E. Clair testified he had not made any conveyance to McIntosh, they could accept this statement as the truth and dispense with any further investigation.

On this phase of the case, the trial court found that appellant, Turner, before he and Treva Howell purchased the two interests, "had some intimation" that S. E. Clair and Angeline Clair Spicer had divested themselves of their interests.

■ An unrecorded deed is valid and must prevail over a subsequent deed if the subsequent grantee knew or had notice of its existence prior to his purchase, or had information sufficient to put him on inquiry that would have led to its discovery upon a search; such information is deemed equivalent to notice. See Hurley v. Hackney, 202 Ky. 452, 260 S.W. 16, and the case on this point cited therein.

We believe it is abundantly clear that appellants, when they purchased the two interests, had sufficient knowledge to place them on such inquiry as would have led upon investigation to the discovery of McIntosh's prior deed conveying to him the same interests. The evidence is clear that appellant, Turner, knew S. E. Clair had negotiated to sell the two interests to McIntosh, although S. E. Clair claimed the transfer did not take place. Appellants maintain this was not enough information to prompt further probing upon their part. On the other hand, there were other facts and circumstances that should have alerted them. This pertinent statement appears in 92 C.J.S. Vendor and Purchaser § 326, pp. 233–234:

"So, where the vendor presents conveyances to himself which are prima facie valid, and assures the purchaser that his title is perfect, it has been held that the latter is under no duty to investigate further, *in the absence of facts and circumstances suggesting* the necessity of investigation; but where such circumstances exist, the purchaser is not justified in relying on the vendor's statements." (Emphasis ours.)

In this case, appellant, Turner, who is a lawyer, looked into the records in the Breathitt County court clerk's office to ascertain the condition of the title to the real estate he and Treva Howell were interested in purchasing. He found the oil and gas lease whereby McIntosh had undertaken to lease the entire farm to Joe A. Saunier & Associates. He testified he did not remember whether he made any investigation in

respect to McIntosh's claim to *all* the land, after discovering the lease of record. (Emphasis ours.)

Seeing the lease on record was actual notice of its contents (92 C.J.S. Vendor and Purchaser § 324, p. 231, and § 326d (9), p. 238), which document included a mention by date of McIntosh's unrecorded deed from S. E. Clair. "One having actual notice of a deed not in the chain of title is, of course, bound thereby." 92 C.J.S. Vendor and Purchaser § 330, p. 244. Thus, if Turner had read the lease which he stated was of record, he would have found mention by date of S. E. Clair's deed to McIntosh. Such notice would have bound him, so that he could not be deemed a bona fide or an innocent purchaser.

The evidence in the present case indicates appellant, Turner, had knowledge sufficient to charge him with notice of McIntosh's prior title to the interests appellants claim. The trial court correctly held, on this evidence, that appellants were not bona fide or innocent purchasers for value without notice. We, therefore, need not discuss McIntosh's possession of the land as a notice factor.

Appellants also urge reversal of the judgment because the trial court adjudged McIntosh to be the owner of five-sixths of the Willie Clair interest in the land, whereas the evidence showed he only had title to a one-seventh interest.

This is not a valid ground for reversal. The judgment merely needs to be corrected to conform to this fact. The error was one of mathematics (or genealogy) but not of law.

Appellants finally assert the court erred in assessing a certain item of costs against them.

This case involved multiple claims and multiple defendants. Some of these defendants were represented by a warning order attorney. The trial court gave the plaintiffs a judgment for their costs against the defendants, which included these appellants, and then awarded the warning order attorney a fee of $250 to be taxed as costs. Appellants filed a motion to set aside the order regarding the fee, insofar as they might be required to pay any portion of it, because there was never any issue of law or fact between either of them and any of the parties represented by the warning order attorney. There seems to be no dispute on this point. We conclude they are not liable for any amount of this cost item. The order should be set aside to the extent it affects them.

Wherefore, the judgment, subject to the corrections noted, is affirmed.